UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASEY C. BERTO,

             Petitioner,

v.

JASON BENNETT,

             Respondent.

Case No. C24-1491-JHC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner Casey C. Berto is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in King County Superior Court case number 17-1-00068-6. (*See* dkt. # 1-1 at 1.) He has submitted for filing a petition for writ of habeas corpus seeking relief from that judgment and sentence, along with an application to proceed *in forma pauperis* ("IFP"). (*See id.* at 1-8; dkt. # 1.) Though Petitioner presented his petition as one filed under 28 U.S.C. § 2241, the Court has construed the petition as one filed under 28 U.S.C. § 2254. (*See* dkt. # 3 at 2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).) The

REPORT AND RECOMMENDATION - 1

petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed, and his application to proceed IFP (dkt. # 1) should be denied as moot.

## II. DISCUSSION

The Court received Petitioner's federal habeas petition for filing on September 17, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because the statute under which he was sentenced is unconstitutional. (Dkt. ## 1-1, 1-2, 1-3.) Specifically, Petitioner contends that he received an indeterminate life sentence pursuant to RCW 9.94A.507 which authorizes "a board" to increase his mandatory minimum term of confinement, and that this constitutes a violation of his Sixth Amendment right to a jury trial. (*See* dkt. # 1-3 at 2.)

After reviewing the petition, this Court determined that the single claim asserted by Petitioner was not eligible for federal habeas review. Thus, on October 8, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed for failure to exhaust state court remedies. (Dkt. # 3.) The Court explained therein that in order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. (*See id.* at 2 (citing 28 U.S.C. § 2254(b)-(c)).) The Court further explained that Petitioner made clear in his petition that he had not presented the claim raised therein to any state appellate court for review, and that the claim was therefore unexhausted. (*Id.*)

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. (Dkt. # 3 at 2.) To date, Petitioner has filed no response to the Court's Order. Because Petitioner makes no showing that he presented his proposed ground for federal

habeas relief to the state courts for review, his claim is unexhausted and ineligible for federal habeas review at this time.

### III.    CONCLUSION

Based on the foregoing, the Court recommends that Petitioner's federal habeas petition (dkt. # 1-1) and this action be DISMISSED without prejudice, and that Petitioner's application to proceed *in forma pauperis* (dkt. # 1) be DENIED as moot. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed within **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 13, 2024**.

REPORT AND RECOMMENDATION - 3

Dated this 22nd day of November, 2024.

*MJ Peterson* (signature)

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4